Dear Dr. Daniel:
Your request for an opinion has been forwarded to me for research and reply. As coroner for the Parish of West Feliciana, you have asked who is responsible for the costs of autopsies performed on "in custody" inmates who die while serving their sentence at Louisiana State Penitentiary ("LSP"). LSP at Angola is located within the unincorporated Parish of West Feliciana. In your request, you used the term "in custody" inmate to distinguish those inmates who die anywhere on LSP's campus (e.g., cell block; dining facility; the fields) from those who die while patients of the R.E. Barrow Jr. Treatment Center ("Barrow Treatment Center"), an infirmary operated by the Department of Corrections at LSP. This Office has since learned that such a distinction is unnecessary inasmuch as the Barrow Treatment Center has not been specifically designated as a state operated medical facility by the Department of Health and Hospitals.[1]
In other words, there is no distinction among LSP inmates for the purpose of this opinion.
In your request you have asked the following three (3) questions:
 (1) If an inmate death occurs at LSP, who is responsible for the cost of the autopsy? *Page 2 
 (2) Although it is well understood that the coroner is responsible for investigating all inmate deaths within his/her jurisdiction, is the parish government obligated to pay the cost of autopsies for all deaths performed by the coroner at state penal institutions?
 (3) If the West Feliciana Parish Coroner's Office Investigator believes a death at LSP is due to natural causes, but LSP personnel desire an autopsy, who is responsible for the autopsy costs?
Under Louisiana law, a coroner has certain responsibilities. For instance, a coroner "shall either view the body or make an investigation into the cause and manner of death involving . . . (13) Deaths [of inmates] in prison or while serving a sentence."[2] In other words, whenever an inmate dies while serving his sentence at LSP, a coroner must at a minimum view the body or conduct an investigation into the cause of death. The coroner does not have a legal obligation to conduct an autopsy in all deaths.[3] The general rule is that "[t]he coroner may perform or cause to be performed by a competent physician an autopsy in any casein his discretion."[4] The only exception to this rule is when there is a reasonable probability that a violation of a criminal statute contributed to the inmate's death.[5] Only in these limited circumstances must the coroner perform an autopsy.[6]
Specifically, when an inmate's death cannot be attributed to natural causes, but instead is deemed to be the result of criminal activity, then the autopsy must be performed and the costs associated with the autopsy are to be paid for by the municipality or parish in which the criminal activity occurred.[7] Accordingly, when an inmate at LSP dies as a result of criminal activity, the autopsy shall be performed and the costs shall be paid for by West Feliciana Parish since LSP is located in the unincorporated area of West Feliciana Parish. However, as noted in Louisiana Attorney General Opinion 94-160, Article XII, Section 7 of the Louisiana Constitution "requires the State to reimburse a parish in which a state penal institution is located for expenses the parish incurs arising from crime committed in the institution or by an inmate." Hence, the coroner's costs of performing an investigation and/or an autopsy in cases where criminal activity at LSP is the suspected cause of death must be reimbursed to the parish by the State. *Page 3 
As previously discussed, the coroner has discretion in most circumstances as to when he or she will perform an autopsy. This is particularly pertinent in those instances where a LSP inmate is deemed to have died from natural causes, but the coroner, relying upon his or her discretion, opts not to conduct an autopsy. In Louisiana Attorney General Opinion 88-411, our Office concluded that in the case of death due to natural causes, the coroner of the parish of the deceased has the responsibility for any examination of the body or autopsy. La.R.S.33:1556(D)(1) further provides that in the case of death due to natural causes, the parish of the decedent's domicile shall pay the coroner's fees and any necessary costs for the investigation and the autopsy. However, inmates are a unique population, whose domicile may be difficult, if not impossible, to determine, especially at the time of their deaths. Therefore, if the West Feliciana Parish Coroner's Office performs an autopsy on a LSP inmate who has died from natural causes, then the autopsy costs shall either be paid by another interested party who has requested the autopsy pursuant to an agreement whereby the West Feliciana Parish Coroner's Office would be reimbursed for the autopsy costs or by the parish of the decedent's domicile, if such domicile can be determined.
Accordingly, if the West Feliciana Parish Coroner's Office does not deem that an autopsy is necessary because the inmate appears to have died of natural causes, then an autopsy is not mandatory. Yet, in those instances where LSP or another interested party requests that the West Feliciana Parish Coroner's Office perform a discretionary autopsy, then LSP or the other interested party is responsible for all of the autopsy costs.
We hope that this information sufficiently answers your inquires. If we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ KATHERINE K. GREEN Assistant Attorney General
 JDC:KG:jv
[1] This determination is based upon telephone discussions with general counsel for the Angola Penitentiary, and the Health Standards Division of the Louisiana Department of Health and Hospitals. Any fees incurred by the West Feliciana Parish Coroner's Office for performing autopsies on inmates who are patients at the Barrow Treatment Center will not be reimbursed by the State of Louisiana under La.R.S. 33:1556(D)(3).
[2] La.R.S. 33:1563(A)(13)(West2011) (emphasis added).
[3] La.R.S. 33:1563(B)(1) (West 2011); See La. Atty. Gen. Op. 89-430 (1989).
[4] Id (emphasis added).
[5] Id.; La. Code of Crim. Proc. art. 102(1) (West 2011).
[6] In such instances, the coroner may also be ordered to conduct an autopsy by the Court "on its own motion or on application by the district attorney." La. Code of Crim. Proc. art. 102(2)(West2011).
[7] La.R.S. 33:1556(D)(1); La. Atty. Gen. Op. 89-430 (1989).